UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN KEVIN FROST,<br><br>Plaintiff,<br><br>v.<br><br>D. WILCOX, et al.,<br><br>Defendants. | Case No. 17-cv-07228-YGR (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION; AND DENYING HIS MOTION TO COMPEL** |

## I. INTRODUCTION

Plaintiff Shawn Kevin Frost, a state prisoner currently incarcerated at California State Prison-Sacramento ("SAC"), has filed a *pro se* civil rights action under 42 U.S.C. § 1983. The operative complaint in this action is the amended complaint, in which Plaintiff alleged constitutional rights violations at Pelican Bay State Prison ("PBSP" or "Pelican Bay") where he was previously incarcerated. Dkt. 10 at 3-7.[1] In his amended complaint, Plaintiff has named the following Defendants at PBSP and the California Department of Corrections and Rehabilitation ("CDCR"): Warden Clark E. Ducart; Chief Deputy Warden D. W. Bradbury; Associate Warden C. Olsen; Captain T. S. Buchanan; Lieutenant D. Higgerson; Sergeant J. Schrag; Correctional Officer T. Toussaint; Correctional Counselor II D. Wilcox; Office of Appeals Chief M. Voong; and Office of Appeals Captain M. Hodges. *Id.* at 2. Plaintiff has sought declaratory relief and monetary damages. *Id.* at 3, 7. Specifically, Plaintiff's claims stemmed from Defendants' alleged retaliation for his filing an appeal, log no. PBSP-16-01431, on July 6, 2016 naming several supervisorial and custody staff as co-conspirators of malfeasance. Plaintiff alleged that three days later, on July 9, 2016, he was rehoused in a cell "which lacked a seat/stool, no desk or table to eat meals [or] write, no electrical power to use his approved personal property . . . and a broken sink . . . ." *Id.* at 3. Plaintiff claimed that he was placed in such inadequate housing for approximately 5 months or until around November 2016 before he was "moved back to adequate and appropriate/normal

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

1  general population housing." *Id.* at 5-6. According to the amended complaint, Plaintiff filed
2  another appeal, log no PBSP-16-01584, in which he raised his claims in this action. Plaintiff's
3  specific claims have been isolated as follows: (1) Defendants Schrag, Wilcox, and Buchanan
4  retaliated against Plaintiff in violation of his First Amendment rights; and (2) Defendants Olsen,
5  Bradbury, Higgerson, Hodges, Voong, and Toussaint were aware of the unconstitutional actions
6  but failed to take correct action by denying Plaintiff's related grievance, also in violation of his
7  First Amendment rights. In an Order dated January 16, 2019, the Court found the aforementioned
8  claims to be cognizable and dismissed Plaintiff's supervisory liability claim against Defendant
9  Ducart without prejudice.

10  The parties are presently before the Court on Defendants' Motion for Summary Judgment.
11  Dkt. 30. Plaintiff has filed an opposition to Defendants' motion, and Defendants have filed a
12  reply. Dkts. 35, 38. Plaintiff has also filed two motions entitled as follows: "Plaintiff's Request
13  for an Immediate Issuing of the Court's Order for a Temporary Restraining Order ("TRO")" and
14  "Plaintiff's Second Set of Documents Requesting the Court to Order Defendants to Authenticate."
15  Dkts. 22, 24. Defendants have filed responses to Plaintiff's two pending motions. Dkts. 23, 26.

16  For the reasons stated below, Plaintiff's two pending motions are DENIED, and
17  Defendants' motion for summary judgment will be resolved in a separate written Order.

18  **II.   PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

19  Plaintiff's first pending motion, which is entitled "Plaintiff's Request for an Immediate
20  Issuing of the Court's Order for a [TRO]," is styled as a request for a TRO. Dkt. 22. As
21  Defendants point out, a TRO "maintains the status quo until there is an opportunity to give all
22  parties notice and determine whether a preliminary injunction should be issued." Dkt. 23 at 3
23  (citing Fed. R. Civ. Proc. 65(b)). Defendants further point out that "Plaintiff's motion is better
24  understood as a motion for a preliminary injunction, given that Defendants now have the
25  opportunity to be heard." *Id.* at 3. The Court agrees with Defendants and thus it construes the
26  pending motion as Plaintiff's motion for a preliminary injunction. *See Zepeda v. INS*, 753 F.2d
27  719, 727 (9th Cir. 1983) (a motion for preliminary injunction cannot be decided until the parties to
28  the action are served).

The standard for issuing either a TRO or a preliminary injunction is the same. *See Beaty v. Brewer*, 649 F.3d 1071, 1076 (9th Cir. 2011) (affirming the district court's denial of the appellant's motion for a TRO or preliminary injunction discussing either as under the same standard for issuing preliminary injunctive relief). However, an injunction is binding only on parties to the action, their officers, agents, servants, employees and attorneys and those "in active concert or participation" with them. Fed. R. Civ. P. 65(d). To enforce an injunction against an individual or entity, the district court must have personal jurisdiction over them. *In re Estate of Ferdinand Marcos*, 94 F.3d 539, 545 (9th Cir. 1996). An injunction against a party over whom the court lacks personal jurisdiction would be futile because the court would be powerless to enforce it. *Id.*

Here, in his motion for a preliminary injunction, Plaintiff claims that unnamed correctional staff at SAC revealed information related to his conviction offenses of kidnapping and several sex crimes, specifically acting with deliberate indifference to his health and safety in providing other inmates with documents detailing his conviction of such crimes. *See* Dkt. 22 at 1-2.

As mentioned, Defendants have filed an opposition to Plaintiff's motion for a preliminary injunction. *See* Dkt. 23. They argue that the motion should be denied because the Court "lacks subject matter jurisdiction over the new allegations in the instant motion," stating as follows:

> In this instance, the events giving rise to the claims in this action occurred between June and August 2016 that occurred at Pelican Bay. The events of which Plaintiff complains in his motion, are events that occurred since those dates, and after his transfer out of Pelican Bay. The issues of Plaintiff's alleged safety issues related to disseminated documents regarding his conviction offenses, the adequacy of his access to SAC's law library, and SAC's alleged failure to meet his current housing needs, are not being litigated in this action. The Court lacks subject-matter jurisdiction over these new issues and, therefore, has no jurisdiction to issue the order sought.

*Id.* at 3-4. Defendants further argue that this Court does not have personal jurisdiction over the unnamed correctional officers at SAC because they are not parties to this action, stating:

> Also in this instance, the events giving rise to the claims in this action concern alleged actions and decisions by named Pelican Bay and CDCR Headquarters' defendants. This motion, however, refers to alleged actions by unnamed correctional officers at SAC. Of those CDCR Headquarters' staff members Plaintiff named in his complaint, Defendants Voong and Hodges, both are employed with the Office of

3

> Appeals, which is the entity of CDCR tasked with the third-level review of inmates' custody-related grievances and appeals received from CDCR's adult institutions. Staff at the Office of Appeals have no direct oversight of the operations of CDCR's adult institutions. None of the other named Defendants in this action have since taken positions at SAC, or taken positions with direct supervision of correctional officers at SAC. There is no evidence that indicates that any of the named Defendants, in this instant action, possess the authority to take action on a preliminary injunction regarding Plaintiff's concerns with SAC correctional officers. In this way, there is nothing in Plaintiff's motion that describes how the named Defendants may be bound by the Court's issuance of a preliminary injunction on his complained issues.

*Id.* at 4. The Court agrees with Defendants and finds that it lacks jurisdiction to rule on Plaintiff's motion for a preliminary injunction, given that his motion concerns new allegations made against unidentified SAC staff, whereas the instant action arises out of alleged incidents that occurred while Plaintiff was housed at PBSP and not from incidents that flowed from, or occurred during, the events alleged in his motion. Therefore, Plaintiff's motion for a preliminary injunction is DENIED because this Court lacks jurisdiction and cannot order the relief he requests.

## III.   PLAINTIFF'S MOTION TO COMPEL

The Court construes Plaintiff's second pending motion, which is entitled "Plaintiff's Second Set of Documents Requesting the Court to Order Defendants to Authenticate," as a motion to compel Defendants to respond to Plaintiff's discovery request. *See* Dkt. 24. In opposition to this motion, Defendants argue that Plaintiff "has not established that they have failed to timely respond to any discovery request—as relevant here, a request to admit the genuineness of documents, which Plaintiff refers to as his 'Second Set of Documents Requesting the Court to Order Defendants to Authenticate.'" *Id.* at 1. Defendants contend that "Plaintiff had never served [them] with any request for admission by which he sought to have the genuineness of any of the documents attached to his motion admitted. *Id.* (citing Chen Decl. ¶ 4). They argue as follows:

> The Northern District has held that a court may grant a motion to compel discovery upon certification that the moving party has attempted in good faith to obtain the discovery without court action. *See Apple Inc. v. Eastman Kodak Co.,* No. CV 10-04145 JW PSG, 2011 WL 334669, at *2 (N.D. Cal. Feb. 1, 2011). Other districts have required that at a minimum, that the moving party plaintiff has the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the defendant's responses are disputed, (3) why he believes the defendant's responses are deficient, (4) why the defendant's objections are not justified, and

4

> (5) why the information he seeks through discovery is relevant to the prosecution of this action." *See Johnson v. Cate*, No. 1:10-cv-02348-LJO, 2014 WL 1419816, at *1 (E.D. Cal. 2014) (internal quotations omitted).
>
> As applicable here, Plaintiff has never before served [Defendants] with his request for any request for admission by which he sought to have the genuineness of any of the documents attached to his motion admitted.
>
> Accordingly, Plaintiff cannot establish that Defendants failed to respond to Plaintiff's request to admit the genuineness of documents, nor that he has attempted to have the genuineness of these documents admitted without court action.

*Id.* at 1 (brackets added).

The Federal Rules of Civil Procedure provide that a party seeking discovery may move for an order compelling an answer, designation, production, or inspection if, among other things, a party fails to produce documents as requested under Rule 34. *See* Fed. R. Civ. P. 37(a). However, only when the parties have a discovery dispute that they cannot resolve among themselves should they ask the Court to intervene in the discovery process. The Court does not have time or resources to oversee all discovery and therefore requires that the parties present to it only their very specific disagreements. A plaintiff must first attempt to meet and confer with the defendants by sending them a subsequent letter demanding a response and notifying them of his intention to file a motion to compel. Here, the record show that Plaintiff did not serve Defendants with any request for admission nor did he meet and confer with Defendants. The Court agrees with Defendants and finds that Plaintiff cannot establish that Defendants failed to respond to his request to admit the genuineness of documents. Therefore, Plaintiff's motion to compel is DENIED. Dkt. 24. The Court further notes that the parties have previously been instructed that discovery "may be taken in accordance with the Federal Rules of Civil Procedure." Dkt. 11 at 6. Therefore, to the extent that Plaintiff requests the Court to order Defendants to participate in discovery, such a request is DENIED as unnecessary.

## IV. CONCLUSION

For the reasons outlined above, the Court DENIES Plaintiff's two motions entitled, "Plaintiff's Request for an Immediate Issuing of the Court's Order for a Temporary Restraining Order ("TRO")" and "Plaintiff's Second Set of Documents Requesting the Court to Order

5

Defendants to Authenticate." Dkts. 22, 24.  Defendants' motion for summary judgment will be resolved in a separate written Order.

This Order terminates Docket Nos. 22 and 24.

IT IS SO ORDERED.

Dated: January 3, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge