UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN KEVIN FROST,<br>    Plaintiff,<br>v.<br>D. WILCOX, et al.,<br>    Defendants. | Case No. 17-cv-07228-YGR (PR)<br><br>**ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY AS UNNECESSARY; CONSTRUING MOTION AS NOTICE OF APPEAL AND MOTIONS TO PROCEED *IN FORMA PAUPERIS* ON APPEAL AND FOR EXTENSION OF TIME TO APPEAL; AND ADDRESSING MOTIONS** |

    This is a closed *pro se* prisoner action under 42 U.S.C. § 1983 brought by Plaintiff Shawn Kevin Frost, whose claims stemmed from the named Defendants' alleged retaliation for his filing an inmate appeal. On March 23, 2020, the Court granted Defendants' motion for summary judgment and entered judgment for Defendants. Dkts. 41, 42. Thereafter, on May 26, 2020, Plaintiff filed a document entitled, "Plaintiff['s] Request for a[n] Order of Certificate of Appealability ('COA')," in which he states that he is "seeking a COA in good faith that [he] will prevail in the Ninth Circuit Court of Appeals." Dkt. 43.

    However, a COA, formerly known as a certificate of probable cause to appeal, is only required in a habeas corpus proceeding. *See* 28 U.S.C. § 2253(c). Therefore, Plaintiff's request for a COA is DENIED as unnecessary. Dkt. 43. Instead, the Court construes his filing as a Notice of Appeal from the Court's March 23, 2020 Order Granting Defendants' Motion for Summary Judgment, as well as a request to proceed *in forma pauperis* ("IFP") on appeal and a motion for an extension of time to appeal.

    Plaintiff's motion to proceed IFP on appeal is DENIED without prejudice to bringing it directly in the Ninth Circuit. But the Court notes for the benefit of the circuit that the motion appears to be in good faith, and that Plaintiff was afforded leave to proceed IFP in this Court. *See* Fed. R. App. P. 24(a)(3)(A) (A litigant who was previously permitted to proceed IFP may maintain such status on appeal unless the district court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed IFP.).

Lastly, Plaintiff states that due to the pandemic, he "could not effectuate litigation/request of [a] COA in a timely manner, and should be excused from the time delay." Dkt. 43 at 1. In the instant case, this Court finds that Plaintiff is entitled to an extension of time and to reopen time to file the appeal. Pursuant to Rule 4(a)(6)(A), Plaintiff filed the COA request, which has been construed as a Notice of Appeal, within the 180-day time period after the judgment or order was entered. *See* Fed. R. App. P. 4(a)(6)(A). Because no party will be prejudiced, the motion for an extension of time to appeal is GRANTED. *See* Fed. R. App. P. 4(a)(6)(A), (C); *Nunley v Los Angeles*, 52 F.3d 792, 794-98 (9th Cir. 1995). Therefore, the Clerk of the Court shall process the Notice of Appeal.

This Order terminates Docket No. 43.

IT IS SO ORDERED.

Dated: December 29, 2020

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge